IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES HOWARD MCLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV991 |
| | ) | |
| CAPTAIN SANDRA MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Defendants Captain Sandra Miller, Sergeant Stephanie Hudson, Officer Clinton Gooselin, and Officer Laura Prevatte's Motion to Set Aside Entry of Default. (Docket Entry 20.) Also before the Court is Plaintiff James Howard Mclean's Motion for Default Judgment. (Docket Entry 24.) These matters are ripe for disposition. For the following reasons, it is recommended that the Court grant Defendants' motion to set aside entry of default and deny Plaintiff's motion for default judgment.

## I. BACKGROUND

Plaintiff, *pro se*, filed this action on July 25, 2016 alleging a violation under 42 U.S.C. § 1983 of Plaintiff's constitutional rights. (*See generally* Complaint, Docket Entry 2.) First, Plaintiff alleges that "a bloody scab with a piece of hair" was found in his food, and the officer on duty did not bring him a "peanut butter sandwich" as promised, in substitute for his original deficient meal. (*Id.* at 4.) After Plaintiff filed his grievance for the inadequate food and seeking to be transferred to another prison facility, Defendants escorted Plaintiff to the cells

maintained for suicide watch. (*Id.* at 5.) Further, Plaintiff explains that he "was taken to an area, in the Detention Center where there wasn't any cameras" and once reaching that area Defendant Gooselin grabbed Plaintiff and Plaintiff struck Defendant Gooselin. (*Id.*) Once striking Defendant Gooselin, Plaintiff "dropped to his knees with his hands out to submit to the cuffs." (*Id.*) Plaintiff alleges that in response to Plaintiff striking Defendant Gooselin, Defendant Hudson "took her handheld radio and struck Plaintiff," in the face and Defendant "Gooselin then kicked Plaintiff in the face." (*Id.*) Further, Plaintiff alleges that he was pepper sprayed by Defendants Prevatte and Strickland. (*Id.*) Once Plaintiff was brought to Scotland Memorial Hospital, he was diagnosed with a fractured upper inside cheekbone, and a crushed sinus wall on the right side of his nose. (*Id.*) Also, Plaintiff received 4 stiches inside the corner of his lower right eye, and had two black eyes. (*Id.*) Plaintiff seeks punitive damages from Defendants "for pain and suffering and mental anguish." (*Id.* at 7.)

On October 11, 2016, copies of the complaint and summons were served upon Defendants Miller, Hudson, Gooselin, and Prevatte. (Docket Entries 8-11.) The deadline for Defendants to answer or otherwise respond to the complaint was November 1, 2016. (*Id.*) In support of Defendants' motion, Defendant Miller asserts that, upon receiving the complaint, she notified the Sheriff of Scotland County that all named Defendants had been served with the summons and complaint. (Miller Aff. ¶ 4, Docket Entry 21-4.) Defendant Miller states that her understanding from the conversation with the Sheriff of Scotland County was that Mr. Edward H. Johnston, Jr., County Attorney, would take all necessary steps to appoint counsel and Defendants no longer had to take any action in the matter unless contacted by Mr. Johnston. (*Id.*) In reference to the pending suit, Mr. Johnston received no notification

and remained unaware of Defendants' need for counsel until January 27, 2017. (Johnston Aff. ¶ 4, Docket Entry 21-3.) On January 19, 2017, the Clerk entered default against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure for neither filing an answer nor otherwise responding in this matter. (Docket Entry 18.) Then, on January 27, 2017, the Sheriff of Scotland County alerted Mr. Johnston of the Clerk's entry of default. (Johnston Aff. ¶ 4.) In response, Mr. Johnston notified the North Carolina Association of County Commissioner's ("NCACC") risk pool of the lawsuit so that counsel could be assigned to defend the matter. (*Id.* ¶ 5.) On January 30, 2017, counsel for Defendants entered a notice of appearance on behalf of Defendants. (Docket Entry 19.) The next day, January 31, 2017, Defendants filed there motion to set aside entry of default. (Docket Entry 20.) Thereafter, Defendants filed an answer on February 13, 2017. (Docket Entry 23.) Plaintiff then filed a motion for default judgment. (Docket Entry 24.)

## II. DISCUSSION

### A. Defendants' Motion to Set Aside Entry of Default

Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the

default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in *Payne*, the Court concludes that Defendants' motion should be granted. The Court first considers whether Defendants have raised a meritorious defense. *Payne*, 439 F.3d at 205. Plaintiff's complaint essentially alleges violations of his conditions of confinement and his constitutional right to be free from excessive force. (Docket Entry 2 at 4-6.) Defendants assert that Plaintiff was not subject to unconstitutional conditions of confinement and only "reasonable force was applied against the Plaintiff in a good faith effort to maintain" discipline. (Docket Entry 21 at 5.) Case law supports this argument. *See e.g., Whitley v. Albers*, 475 U.S. 312 (1986) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."). Defendants also rely upon other defenses, including qualified immunity, and the possibility that Plaintiff failed to exhaust his administrative remedies. (Docket Entry 23 at 4-7.) After reviewing the totality of such arguments, the Court concludes that Defendants have proffered a potentially meritorious defense, which weighs in favor of Defendants.

As to the second and third factors, both weigh in favor of Defendants. Defendants acted with reasonable promptness in filing the pending motion within days of receiving the notice of entry of default. Additionally, the affidavits demonstrate that Defendants' personal responsibility for their failure to respond in this matter was minimal. Defendant Miller relied

upon her understanding that no further action was necessary on her part after speaking with the Sheriff of Scotland County. (Miller Aff. ¶ 4.) Defendants Hudson, Gooselin, and Prevatte relied upon Defendant Miller's advice (as Jail Administrator) that no further action was necessary unless otherwise instructed. (Hudson Aff. ¶ 3, Docket Entry 21-2; Gooselin Aff. ¶ 3, Docket Entry 21-1; Prevatte Aff. ¶ 3, Docket Entry 21-5.) Thus, these factors weigh in favor of setting aside the entry of default. The remaining factors also weigh in favor of Defendants. Considering the fourth factor, Plaintiff would not be prejudiced by setting aside default in this action. *Payne*, 439 F.3d at 205. Plaintiff has not cited any particular prejudicial effect, nor does the Court find that this matter would be adversely impacted by setting aside default. With respect to the fifth and sixth factors, there is no history of dilatory conduct on the part of Defendants, and less drastic sanctions are available to remedy Defendants' tardiness. (*Id.*) Thus, for good cause shown, and because the relevant factors weigh in favor of setting aside entry of default, Defendants' motion should be granted.

B. Plaintiff's Motion for Default Judgment

Plaintiff has filed a motion seeking default judgment against Defendants and to be compensated by Defendants for Plaintiff's pain and suffering as a result of the alleged incident. (Docket Entry 24.) Because the Court recommends that entry of default against Defendants should be set aside in this matter, Plaintiff's motion should be denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Court **GRANT** Defendants' Motion to Set Aside Entry of Default (Docket Entry 20) and that the Clerk's entry of default (Docket Entry 18) be set aside.

5

**IT IS FURTHER RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Default Judgment (Docket Entry 24).

_____
Joe L. Webster
United States Magistrate Judge

May 4, 2017
Durham, North Carolina